IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| FRANCISCO MORALES, III,<br><br>    Plaintiff,<br><br>v.<br><br>MAURICE L. BURNS and<br>CRETE CARRIER CORPORATION,<br><br>    Defendants. | 2:23-CV-180-Z-BR |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Crete Carrier Corporation's ("Crete") Rule 12(b)(6) Partial Motion to Dismiss Plaintiff's Complaint ("Crete's Motion") (ECF No. 6) and Defendant Maurice L. Burns's ("Burns") Partial Motion to Dismiss ("Burns's Motion") (ECF No. 16). For the reasons explained below, Crete's Motion is **GRANTED** and the Burns's Motion **DENIED**.

### BACKGROUND

Plaintiff, on November 10, 2021, "was driving a barrier vehicle" eastbound on IH-40 while "following a slow-moving road crew convoy." ECF No. 1 at 3. The barrier vehicle Plaintiff Morales was driving "had a move over warning sign active and a word sign stating move left along with reflective red and white markings." *Id.* At this point, Burns, who was operating a commercial vehicle and trailer, "failed to control speed and collided into the back of the barrier vehicle being driven by Plaintiff Morales." *Id.* Plaintiff sues Burns individually for negligence and gross negligence, and Crete for negligence, gross negligence, and vicarious liability. *Id.* at 4–6.

### LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While the Court views the allegations "in the light most favorable to the plaintiff," *George v. SI Group, Inc.*, 36 F.4th 611, 619 (5th Cir. 2022), "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678.

### ANALYSIS

Burns "adopts and joins in Crete's Motion to Dismiss . . . and all briefing thereto," and in so doing, "requests that the Court dismiss [only] Plaintiff's claims of gross negligence." ECF No. 16 at 1, 2. Hence Plaintiff's negligence claim against Burns will proceed past the pleading stage. So will Plaintiff's vicarious liability claim against Crete, as "Crete admits that vicarious liability applies." ECF No. 6 at 10. The remaining claims for review are: (1) negligence against Crete; and (2) gross negligence against Burns and Crete.

**I.   Plaintiff fails to state a negligence claim against Crete.**

While Plaintiff stated a negligence claim against Burns, *see generally* ECF No. 16, the Complaint lacks factual allegations sufficient to support a negligence claim against *Crete*. Plaintiff alleges that Burns "failed to control speed and collided into the back of the barrier vehicle being driven by Plaintiff Morales." ECF No. 1 at 3. As to Crete, the Complaint contains only "[t]hreadbare recitals of the elements of a cause of action." *Iqbal*, 556 U.S. at 678; *see, e.g.*, ECF No. 1 at 5 (reciting Crete's failure to exercise due care in hiring, failure to train, failure to monitor,

2

failure to maintain the subject vehicle, etc.). It crucially lacks any concomitant facts that would support these allegations. *See Chowdury v. Wal-Mart*, No. 4:19-cv-3870, 2019 WL 13190677, at *2 (S.D. Tex. 2019) ("While a few of these claims articulate the exact elements of a claim . . . none constitute contemporaneous affirmative acts so as to give rise to negligent-activity claims.").

A direct liability claim against Crete is also duplicative because Crete does not contest vicarious liability at this stage. ECF No. 6 at 9–10. Under such circumstances, it is appropriate to dismiss the direct negligence claim because "the vicarious liability [claim] . . . would subsume any finding of direct negligence against [vicariously liable employer]." *Frazier v. U.S. Xpress, Inc.*, No. 6-19-CV-00557-ADA-JCM, 2020 WL 4353175, at *3 (W.D. Tex. July 29, 2020).

## II. Plaintiff adequately alleged gross negligence against Burns but not Crete.

A Plaintiff must allege ordinary negligence and two additional elements for a gross negligence claim. *Galvin v. Lowe's Home Ctrs., L.L.C.*, No. 4:21-cv-341, 2021 WL 4125100, at *2 (E.D. Tex. 2021). Those additional elements include: an act or omission (1) which, when viewed objectively from the standpoint of the actor at the time of its occurrence involves an extreme degree of risk, considering the probability and the magnitude of the potential harm to others; and (2) of which the actor has actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety, or welfare of others. TEX. CIV. PRAC. & REM. CODE Section 41.001(11).

### A. Plaintiff adequately stated a gross negligence claim against Burns.

Because Burns does not contest that Plaintiff adequately alleged negligence, the only question here is whether Plaintiff alleged the two additional elements for gross negligence. He did. First, "[b]y failing to slow down or take evasive action when faced with obvious warning signs and a road convoy, Defendant Burns created an extreme degree of risk . . . given the high speeds

3

on the highway and the nature of the collision." ECF No. 24 at 4; *see* ECF No. 1 at 3 (reciting allegations). This is the kind of risk Texas courts consider extreme because it constitutes "not a remote possibility of injury or even a high probability of minor harm, but rather the likelihood of serious injury to the plaintiff." *Mobil Oil Corp. v. Ellender*, 968 S.W.2d 917, 921 (Tex. 1998).

Second, it is plausible that a failure to control speed under such conditions "can be interpreted as a conscious indifference to the safety of others on the road." ECF No. 24 at 5. The foregoing interpretation satisfies the second element because courts look to whether a defendant's "acts or omissions" — not his inner thoughts — "demonstrated that [he] did not care" about the risks posed. *Ellender*, 968 S.W. at 921. And because Plaintiff alleged facts that support this inference, his gross negligence claim against Burns may proceed.

    **B.**  **Plaintiff failed to state a gross negligence claim against Crete.**

The only fact alleged to support a gross negligence claim against *Crete* is that *Burns* "failed to control speed and collided into the back of the barrier vehicle being driven by Plaintiff Morales." ECF No. 1 at 3. Plaintiff then alleges the following:

> During relevant times to this action, Defendant Crete, through its employee and/or agent, committed acts of omission and commission, which collectively and severally constituted gross negligence. Such gross negligence was a proximate cause of Plaintiff's injuries and his resulting damages.
>
> The wrong done by Defendant Crete, even after learning of, knowing, and/or realizing the potential for serious injury and/or death, was aggravated by the kind of gross negligence for which the law allows the imposition of exemplary damages.
>
> Defendant Crete's conduct, when viewed objectively from their standpoint at the time of its conduct, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendant Crete was actually, subjectively aware of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others.
>
> Further, Defendant Crete authorized, condoned, approved, and/or ratified its employee's grossly negligent conduct that proximately caused [injuries] . . .

Further, Defendant Burns was unfit for performing his assigned job duties, and Defendant Crete was reckless in employing him.

*Id.* at 6. These allegations fail the Rule 12(b)(6) pleading standard.

First, as discussed in Section I *supra*, Plaintiff failed to state even a negligence claim against Crete. *See Lowe's*, 2021 WL 4125100, at *2 (requiring plaintiffs to satisfy negligence to plead gross negligence). Second, Plaintiff must allege facts to support Crete's — not Burns's — grossly negligent conduct. *See Ellender*, 968 S.W.2d at 921 ("A corporation may be liable in punitive damages for gross negligence only if the corporation *itself* commits gross negligence.") (emphasis added). While this Court must construe the Complaint in the light most favorable to Plaintiff, *George*, 36 F.4th at 619, here there is nothing to construe. In what way, for example, did Crete "learn[] of, know[], and/or realiz[e] the potential for serious injury and/or death"? ECF No. 1 at 6. What facts, further, are sufficient to support the bare claim that "Crete authorized, condoned, approved, and/or ratified its employee's grossly negligent conduct?" *Id.* The Complaint is silent.

### CONCLUSION

The Court **DENIES** Burns's Motion and **GRANTS** Crete's Motion, **DISMISSING** Plaintiff's negligence and gross negligence claims against Crete **WITH PREJUDICE**. This Order affects neither Plaintiff's negligence and gross negligence claims against Burns nor his vicarious liability claim against Crete.

**SO ORDERED**.

March 21, 2024.

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE